```
               UNITED STATES DISTRICT COURT
                 DISTRICT OF CONNECTICUT


FRANCIS MELENDEZ,              :
     Plaintiff,                :
V.                             :     CASE No. 3:13-cv-860(RNC)
CITY OF NEW HAVEN, et al. ,    :
     Defendants.               :
```

RULING AND ORDER

Plaintiff Francis Melendez, a New Haven police officer of Hispanic origin, brings this action against John Velleca, a former Lieutenant and Assistant Chief of the New Haven Police Department (NHPD), and the City of New Haven, alleging discrimination, harassment and retaliation in violation of Title VII.  In addition, he brings claims against Velleca and the City under 42 U.S.C. § 1983 alleging violations of the Equal Protection and Due Process Clauses of the Fourteenth Amendment, as well as claims under the Connecticut Fair Employment Practices Act (CFEPA), plus a claim against Velleca for intentional infliction of emotional distress.  Pending is defendants' motion to dismiss some of these claims for failure to state a claim on which relief may be granted (ECF No. 14).  For reasons that follow, the motion to dismiss is granted.

I. Plaintiff's Allegations

The complaint alleges the following.  On October 13, 2011,

1

plaintiff, then a detective in the NHPD Bureau of Identification, made inquiries of a civilian who had turned in a cell phone found at a crime scene.  Later that day, Velleca, then Acting Chief of the NHPD, reprimanded plaintiff for his actions, took him off all cases including the one involving the cell phone, directed a non-Hispanic officer to process the cell phone, and ordered that plaintiff be disciplined.  On October 17, 2011, Velleca transferred plaintiff from the Bureau of Investigation to a lesser assignment.  Three days later, plaintiff received a memorandum of discipline from Velleca stating that plaintiff had violated NHPD rules.  Plaintiff alleges that Velleca has a "very long history of discrimination against and hostility towards persons based upon ethnicity, heritage, and gender," in particular people of Hispanic origin, and that he was recently forced to retire from the Department.  Compl. at ¶ 21.

Plaintiff complained in writing - although it is not clear to whom - that his transfer by Velleca was race-based and retaliatory.  In addition, on or about November 14, 2011, he filed a written complaint of discrimination and retaliation with the City's Human Resources Department.  After this complaint was filed, plaintiff's desk was searched on more than one occasion and his police cruiser was taken away.

II. Applicable Standard

"To survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  In deciding a motion to dismiss, well-pleaded facts must be accepted as true and considered in the light most favorable to the plaintiff.  Patane v. Clark, 508 F.3d 106, 111 (2d Cir. 2007).

III.  Discussion

A. Counts One and Four

Defendants move to dismiss counts one and four, alleging violations of Title VII and the CFEPA, respectively, insofar as the counts are directed against Velleca, on the ground that the statutes do not provide for individual liability.  Plaintiff's response to the motion clarifies that he brings theses counts against the City only.  Accordingly, the these counts are dismissed as to Velleca.

B. Count Two

Defendants move to dismiss count two, which alleges that Velleca violated the plaintiff's right to substantive due process under the Fourteenth Amendment.  In support of this claim, plaintiff alleges that Velleca harassed, disciplined, and transferred him because he is Hispanic, and retaliated against him because of his complaints of discrimination.  Defendants contend that the claim should be dismissed because it is largely

duplicative of the equal protection claim and the allegations do not depict conscience-shocking conduct.  I agree.

To the extent the plaintiff's substantive due process claim is based on allegations of harassment or discrimination by Velleca, the claim is duplicative of the plaintiff's claim against Velleca under the Equal Protection Clause and thus not cognizable under the Due Process Clause.  See Albright v. Oliver, 510 U.S. 266, 273 (1994)(citations omitted)("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims."); Velez v. Levy, 401 F.3d 75, 94 (2d Cir. 2005) (where the facts relied on to 'shock the conscience' would themselves constitute specific constitutional violations, a plaintiff "seeking redress for that prohibited conduct in a § 1983 suit cannot make reference to the broad notion of substantive due process").  To the extent the claim is based on allegation of retaliation by Vellecca, it is not clear that the Equal Protection Clause applies.  Compare Bernheim v. Litt, 79 F.3d 318, 323 (2d Cir. 1996) ("we know of no court that has recognized a claim under the equal protection clause for retaliation following complaints of racial discrimination") with Hicks v. Baines, 593 F.3d 159, 171 (2d Cir. 2010) (denying motion to dismiss plaintiffs' equal protection

4

claim that "they suffered retaliation-on the basis of their participation in discrimination investigations and proceedings. That participation obviously constitutes an 'impermissible' reason to treat an employee differently."). See also Grant v. New York State Office for People with Developmental Disabilities, 12-CV-4729, 2013 WL 3973168, at *10 n.8 (E.D.N.Y. July 30, 2013) (questioning whether plaintiff could base equal protection claim on retaliation given unsettled case law).  However, the allegations of retaliation are insufficient to support a substantive due process claim.  "For a substantive due process claim to survive a Rule 12(b)(6) dismissal motion, it must allege governmental conduct that is so egregious that it may fairly be said to shock the contemporary conscience." Velez v. Levy, 401 F.3d 75, 93 (2d Cir. 2005) (citing County of Sacramento v. Lewis, 523 U.S. 833, 847 n.8 (1998)).  Here, although plaintiff claims that the reprimand and discipline he received from Velleca after the cell phone incident were retaliatory, he does not state a plausible claim of retaliation with respect to any conduct by Velleca prior to the filing of the plaintiff's official complaint of discrimination.  With regard to events that occurred after the complaint was filed, plaintiff states that his desk was searched more than once and he lost his police cruiser.  Assuming Vellaca directed that plaintiff's desk be searched and that he be deprived of access to a cruiser, these actions are not

sufficiently egregious or outrageous, either singly or in combination, to shock the conscience. See, e.g., Roman v. Velleca, 3:11CV1867 VLB, 2012 WL 4445475 (D. Conn. Sept. 25, 2012) (claims that Velleca fabricated misconduct to impugn plaintiff's reputation and cause him to be reprimanded, transferred, and suspended, not sufficient to state a due process claim, nor did claims that Velleca yelled, swore, and otherwise created a hostile work environment); Williams v. Perry, 960 F. Supp. 534, 539 (D. Conn. 1996) ("Derogatory remarks, reassignments, lack of assignments, higher standards of performance and conduct, and harsher discipline all fail to rise to the level of the delict necessary to set forth a substantive due process claim.").

C. Count Three

Defendants move to dismiss count three, which alleges that the City is liable to the plaintiff under § 1983 for deliberate indifference to violations of his constitutional rights. Under Monell v. Dept. of Social Services, 436 U.S. 658, 691 (1978), establishing municipal liability under § 1983 requires a plaintiff to plead and prove "(1) an official policy or custom that (2) causes the plaintiff to be subject to (3) a denial of a constitutional right." Batista v. Rodriguez, 702 F.2d 393, 397 (2d. Cir. 1983). Plaintiff bases his Monell claim on the City's deliberate indifference to an alleged pattern of discrimination,

harassment, and retaliation by Velleca.  Plaintiff alleges that he made two written complaints about Velleca's behavior.  The first, filed sometime after his transfer, complained about the transfer and asserted that Velleca had retaliated against others in the past.  Compl. at ¶ 32.  Plaintiff does not state to whom he made this complaint.  Id.  The second, filed with the City's Human Resources Department, alleged discrimination and retaliation, described the discipline and transfer, and listed other alleged victims of discrimination by Velleca.  Compl. at ¶¶ 34-36.  Plaintiff alleges that after he filed these complaints about Velleca's unlawful behavior, the City took no corrective action.  Plaintiff admits that the City ultimately "acknowledged" Velleca's wrongful behavior, see Opp'n to Mot. to Dismiss, (ECF No. 15-2) at 17, but that the discipline wrongly imposed on the plaintiff was not rescinded and Velleca was permitted to continue to serve in a position of authority without receiving any discipline.

     The City may be liable for Velleca's unconstitutional actions under a theory of deliberate indifference if it was aware of unlawful actions and "consciously chose to ignore them, effectively ratifying the actions."  Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 126 (2d Cir. 2004).  Such a "deliberate choice" is sufficient to constitute official "policy or custom."  Id. (citing City of Canton v. Harris, 489 U.S. 378 (1989)).  To

prevail on this theory, plaintiff must establish that the City had notice of a potentially serious problem involving Velleca and that the need for corrective supervision was "obvious."  Vann v. City of New York, 72 F.3d 1040, 1049 (2d. Cir. 1995).

Plaintiff's Monell claim is insufficient because the allegations are insufficient to support a plausible inference that the City consciously chose to ignore unlawful actions by Velleca and thus caused Velleca to engage in the actions for which plaintiff seeks redress.  Repeated complaints of civil rights violations are not necessary to demonstrate a city's deliberate indifference, but a single complaint — or, as here, two substantially similar complaints, only one of which is clearly alleged to have been made to the City — filed after the conduct complained of is insufficient to support a Monell claim. See, e.g., Marshall v. Town of Middlefield, 3:10-CV-1009 JCH, 2012 WL 601783 (D. Conn. Feb. 23, 2012) reconsideration denied, 3:10-CV-1009 JCH, 2012 WL 1118950 (D. Conn. Apr. 3, 2012) (no rational trier of fact could find single complaint, standing alone, sufficient to put defendant on notice of "obvious" need for additional supervision or other corrective action).[1]

D. Count Five

---

[1] Plaintiff's opposition to the motion to dismiss suggests that the City may be liable under Monell because of Velleca's status as a high-ranking official, but no such allegations are made in the complaint.  See Compl. ¶¶ 43-48.

Finally, the defendants move to dismiss count fine, which seeks to hold Velleca liable for intentional infliction of emotional distress.  In support of this claim, the plaintiff alleges that he was yelled at, disciplined and demoted, that his desk was searched and his police cruiser was taken away, and that these actions were racially motivated.  Defendants argue that such conduct is not sufficiently extreme and outrageous to state a claim for relief.  I agree.

To establish intentional infliction of emotional distress under Connecticut law, plaintiff must show: "(1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe."  Appleton v. Bd. of Educ. of Town of Stonington, 254 Conn. 205, 210 (2000).  "The standard in Connecticut to demonstrate extreme and outrageous conduct is stringent,"  Huff v. West Haven Bd. of Educ., 10 F. Supp. 2d 117, 122 (D. Conn. 1998), and requires "conduct exceeding all bounds usually tolerated by decent society. . . ."  DeLaurentis v. New Haven, 220 Conn. 225, 267 (1991).  "[R]outine employment action, even if made with improper motivation, does not constitute extreme and outrageous behavior." Adams v. Hartford Courant, No.

9

3:03-CV-0477(JCH), 2004 WL 1091728, at *4 (D. Conn. May 14, 2004).  <u>See also</u> <u>Robinson v. City of New Haven</u>, 578 F. Supp. 2d 385, 390 (D. Conn. 2008) ("An employer's adverse yet routine employment action does not constitute extreme and outrageous conduct even if based on race or other improper motives.").  In this case, the alleged actions, although illegal if racially motivated, are insufficiently extreme and outrageous to survive the motion to dismiss.  See, e.g., Williams v. Deloitte Services, LP, 2009 WL 3571365, at *3 (D. Conn. Oct. 26, 2009) (unfair discipline, negative performance reviews, and failures of promotion insufficient to make out a claim for intentional infliction of emotional distress); Byra-Grzegorczyk v. Bristol-Myers Squibb Co., 572 F. Supp. 2d 233, 247, 257 (D. Conn. 2008) (allegations that supervisor yelled at the plaintiff, belittled her, pounded on her chest, made statements such as "woman, I'm talking to you" and wrote false statements in her review, not extreme and outrageous, even though related Title VII and CFEPA claims survived summary judgment); Farricielli v. Bayer Corp., 116 F.Supp.2d 280, 286 (D. Conn. 1999) ("No rational fact finder could conclude that the alleged conduct-yelling at, reprimanding and transferring plaintiff for work-related issues-was so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."); Venterina v. Cummings & Lockwood, 117 F. Supp. 2d

114, 120 (D. Conn. 1999) ("the mere termination of employment, even where it is wrongful, is not by itself enough to sustain a claim" for intentional infliction of emotional distress).

III. Conclusion

Accordingly, the motion to dismiss (ECF No. 14) is hereby granted.  The Title VII and CFEPA claims will proceed against the City only, and the Equal Protection Clause claim will proceed against Velleca.  All other claims are dismissed.

So ordered this 30th day of December, 2013.

                                    /s/
                          Robert N. Chatigny
                       Unites States District Judge